UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**DAVID CAIAFA,**                                        06 Civ. 13160 (DC)

                Plaintiff,

   -against-                                           **COMPLAINT**
                                                                          **JURY DEMAND**

**NEW YORK CITY POLICE DEPARTMENT,**
**an agency of the City of New York,**

                Defendant.

------------------------------------------------------------------X

Plaintiff, David Caiafa, by his attorneys, the Law Offices of Leonard N. Flamm, as and for his Complaint, respectfully alleges as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction as to the First, Fourth and Seventh Causes of Action is conferred upon this Court pursuant to 42 USC Sec. 1981. Jurisdiction as to the Second, Fifth, and Eighth Causes of Action herein, arising under Section 297.9 of the New York State Human Rights Law ("NYSHRL") and as to the Third, Sixth, and Ninth Causes of Action herein, arising under Secs. 8-107.1(a), 8-107.7 and 8-502 of the New York City Human Rights law ("NYCHRL"), and as to the Tenth Cause of Action herein, arising under Sec. 198 of the New York State Labor Law, is conferred upon this Court by and under the principles of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

2. Venue lies in the Southern District of New York under 28 U.S.C. 1391(c) in that Defendant's principal place of business is in said vicinage.

3. Prior to the start of this suit, a Notice of Claim, as to the claims set forth herein, was served upon the New York City Law Department on or about June 30, 2006, in accordance with Sec. 50(e) of the General Municipal Law.  More than thirty (30) days has elapsed since the service of such Notice and the Section 50(h) Hearing held thereon and adjustment and/or payment of the claim has been either unaddressed and/or refused.

## II.  NATURE OF PROCEEDING

4. This suit seeks, *inter alia*:  (a) reinstatement (b) lost back pay and front pay; (c) lost fringe and other employee benefits; (d) compensatory damages; (e) punitive damages, where available; (f) attorneys' fees; and (g) such other and further monetary relief as may be available or appropriate under 42 USC Sec. 1981, the NYSHRL and/or NYCHRL.

## III.  PARTIES

5. Plaintiff, David Caiafa, (hereinafter "Plaintiff"), is a Caucasian male who resides in Queens County, New York.

6. Defendant, New York City Police Department (hereinafter "NYPD" or "Defendant"), is, upon information and belief, an agency of the City of New York with its principal offices at One Police Plaza, New York, New York.

7. Plaintiff and the NYPD are each contracting parties within the meaning of 42 USC Sec. 1981.

8. NYPD is an "employer" within the meaning of Sec. 292.5 of the NYSHRL.

9. NYPD is a "covered entity" within the meaning of Sec. 8-102(17) of the NYCHRL and an "employer" within the meaning of Sec. 8-102(5) of the NYCHRL.

## IV. STATEMENT OF CLAIM

10. In or around November 1989, Plaintiff began working at Defendant as a Police Communications Technician (hereinafter "PCT"). Plaintiff's job duties and responsibilities included, *inter alia*, handling 911 phone calls and dispatching local police units to police, fire and/or ambulance scenes. At all times herein pertinent, Plaintiff's job performance was satisfactory.

11. Upon information and belief, in recent years, the percentage of African-Americans employed by Defendant as PCT's has been steadily mounting and the current percentage of same is, upon information and belief, greater than ninety percent. At the same time, the number of non-African-Americans who are employed as PCT's has been steadily dropping.

12. On or about February 1, 2006, Defendant informed Plaintiff that he was under investigation for the asserted infraction of allegedly dropping and/or mishandling of certain 911 phone calls.

13. Shortly thereafter, Defendant transferred Plaintiff from 11 Metrotech Center, Brooklyn, NY to One Police Plaza, New York, NY. Defendant also demoted Plaintiff to switchboard duties and changed his shift assignment from night to day, both resulting in the loss of actual and potential earnings.

14. On or about April 18, 2006, Plaintiff received a Notice of Interview regarding his alleged mishandling and/or dropping of certain 911 phone calls.

15. On or about April 20, 2006, Plaintiff attended said interview whereat Defendant placed Plaintiff on a thirty-day suspension.

16. On or about May 22, 2006, at the end of Plaintiff's suspension period, Defendant, instead of restoring Plaintiff to active duty, with or without a warning as to future dropping and/or mishandling of calls, took the unusual and unwarranted step of placing Plaintiff on a further indefinite "paid" suspension. Plaintiff was not informed as to what factors and/or reasons caused this additional discipline, i.e. the continuation of his prior suspension.

17. Upon information and belief, during the period of his suspension, Defendant learned or discovered no additional adverse matters regarding Plaintiff's prior work performance to cause the additional discipline. In any event, to date, Plaintiff has not been paid, for any period of time, even though he was on "paid" suspension.

18. Upon information and belief, other PCTs, who are African-American and who have committed comparable or greater offenses than Plaintiff committed, have not been similarly or as severely disciplined as he was.

19. This additional discipline, as meted out to Plaintiff, appears to have been motivated by racial animus and/or part of an intentional pattern and practice ongoing at Defendant to reduce and/or to eliminate the number of non African-Americans from the ranks of the PCTs.

20. On or about May 23, 2006, Plaintiff's Counsel sent a letter, *via* first class mail, to Defendant, reciting, *inter alia*, the substance of Pars. 16-17 *infra* and complaining of the apparent disparate treatment in discipline, based on race, meted out to Plaintiff as compared with that meted out to African Americans who are PCTs charged with similar infractions.

21. Shortly thereafter, Defendant scheduled an Informal Conference for June 7, 2006, whereat Defendant formally recommended even more discipline, i.e. Plaintiff's outright termination.

22. Upon information and belief, said recommendation was not grounded in any newly discovered work performance deficiencies by Plaintiff or for any other legitimate job-related reasons, but rather was racially motivated and/or made in retaliation for Plaintiff's lodging of a complaint, through his Counsel, regarding Defendant's prior disparate disciplinary treatment of him based on race.

23. On or about June 30, 2006, as noted above, Plaintiff filed a Notice of Claim against the New York City Police Department alleging both disparate treatment in discipline based on race as meted out to him and for retaliation in recommending his termination, as set forth above.

24. In or around early September 2006, Plaintiff learned that an internal hearing had been scheduled for on or about September 26, 2006, wherein Defendant would make a final determination as to whether or not it would, in fact, terminate Plaintiff's employment.

25. Shortly thereafter, Plaintiff was informed or advised that if he did not resign from Defendant prior to said hearing, and Defendant then actually terminated Plaintiff thereat, Defendant would thereafter answer all inquiries as to past job performance, from any and all prospective or future employers of Plaintiff, to the effect that Plaintiff had been terminated for "misconduct."

26. This was a wholly untrue assertion even assuming Defendant's allegations as to Plaintiff's dropped and/or mishandled calls were true.

27. Faced with an impending termination of employment coupled with Defendant's stated intent to impair his future employment prospects by overstating, if not misstating, the reasons for Plaintiff's termination, Plaintiff had no choice but to protect his future livelihood. As such, Plaintiff resigned, under protest however, from Defendant on or about September 25, 2006.

28. As a result of the respective race-discriminatory and/or retaliatory actions of Defendant in (a) extending Plaintiff's suspension, (b) recommending his termination, (c) threatening to impair his future employment prospects if he did not first resign and (d) causing him to be constructively terminated, all as described herein, Plaintiff has lost substantial earnings, suffered compensatory damages and has suffered mental anguish and distress.

29. Although Defendant's actions, as set forth above, appear to be part of a pattern and practice to reduce the number of non-African-American PCTs, and hence such claims would appear to lend themselves to class action treatment, Plaintiff is without sufficient information at this time to allege the existence of numerosity as required by Federal Rule 23(c)(1). Plaintiff reserves his right, however, to amend his complaint accordingly to assert a class action claim, if discovery on this issue indicates the requirement of numerosity can be met.

## V.   FIRST CAUSE OF ACTION AGAINST DEFENDANT

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

31. Defendant's actions, in unjustifiably extending Plaintiff's suspension, because of his race, as aforedescribed, was a treatment and classification of Plaintiff which adversely affected his employment status with Defendant, all in violation of the rights to secured to Plaintiff by 42 USC Sec. 1981.

## VI.  SECOND CAUSE OF ACTION AGAINST DEFENDANT

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

33. Defendant's actions, in unjustifiably extending Plaintiff's suspension, because of his race, as aforedescribed, was a treatment and classification of Plaintiff which adversely affected his employment status with Defendant, all in violation of the rights to secured to Plaintiff by Sec. 296.1(a) of the NYSHRL.

## VII. THIRD CAUSE OF ACTION AGAINST DEFENDANT

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

35. Defendant's actions, in unjustifiably extending Plaintiff's suspension, because of his race, as aforedescribed, was a treatment and classification of Plaintiff which adversely affected his employment status with Defendant, all in violation of the rights to secured to Plaintiff by Sec. 8-107.1(a) of the NYCHRL.

## VIII. FOURTH CAUSE OF ACTION AGAINST DEFENDANT

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragarphs 10 through 29 inclusive, as though set forth fully herein.

37. Defendant's actions, in unjustifiably recommending Plaintiff for termination, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by 42 USC Sec. 1981.

## IX. FIFTH CAUSE OF ACTION AGAINST DEFENDANT

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragarphs 10 through 29 inclusive, as though set forth fully herein.

39. Defendant's actions, in unjustifiably recommending Plaintiff for termination, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by Section 296.1(e) of the NYSHRL.

### X.   SIXTH CAUSE OF ACTION AGAINST DEFENDANT

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

41. Defendant's actions, in unjustifiably recommending Plaintiff for termination, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by Section of 8-107.7 the NYCHRL.

### XI. SEVENTH CAUSE OF ACTION AGAINST DEFENDANT

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

43. Defendant's actions, in setting up a series of circumstances leading to or causing a constructive discharge of Plaintiff, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by 42 USC Sec. 1981.

### XII.   EIGHTH CAUSE OF ACTION AGAINST DEFENDANT

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

45. Defendant's actions, in setting up a series of circumstances leading to or causing a constructive discharge of Plaintiff, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by Section 296.1(e) of the NYSHRL.

### XIII.  NINTH CAUSE OF ACTION AGAINST DEFENDANT

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

47. Defendant's actions, in setting up a series of circumstances leading to or causing a constructive discharge of Plaintiff, as aforedescribed, were willful and based upon racial and/or retaliatory reasons, all in violation of rights secured to Plaintiff by Section of 8-107.7 the NYCHRL.

### IVX.  TENTH CAUSE OF ACTION AGAINST DEFENDANT

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 10 through 29 inclusive, as though set forth fully herein.

49. Defendant's failure to pay Plaintiff his wages due to him, as aforedescribed, is a willful violation of Sec. 198 of the New York State Labor Law, entitling Plaintiff to recover the full amount of his unpaid wages and for his reasonable attorneys' fees, in an amount to be determined, all as provided for by Sec. (198 1-a) of the New York State Labor Law.

### XV. PRAYER

**WHEREFORE**, Plaintiff asks for judgment on his First through Tenth Causes of Action, seeks relief and respectfully prays that this Court grant or award the following:

  a. Grant Plaintiff reinstatement to his former position followed by affording him the same opportunities regarding job promotion;

b. Grant a money judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial: (i) for all out-of-pocket losses which Plaintiff has incurred as a result of being unlawfully discriminated and retaliated against, including back pay, lost wages, lost fringe benefits and such other out-of-pocket expenses incurred and computed with interest from April 20, 2006, the date of his suspension, to the date of trial; and (ii) for all other sums to which Plaintiff shall hereafter be entitled to, from and after the date of trial, with respect to all of his claims for forward or front pay and for lost fringe benefits;

c. Grant or award a money judgment, in an amount to be determined at trial, for the mental distress anguish, pain and suffering experienced by Plaintiff as a result of Defendant's wrongful employment practices and activities, as provided for by 42 USC Sec. 1981 and Sec. 8-120.a(8) of the NYCHRL;

d. Grant or award a money judgment with respect to Plaintiff's losses, under 42 USC Sec. 1981 and Secs. 8-120(a)(8) and 8-502(a) of the NYCHRL, as punitive damages, to the extent Defendant's violations are found to have been willful and/or in reckless disregard of the rights of Plaintiff;

e. Grant an allowance for Plaintiff's costs and disbursements incurred in the prosecution of this action, including his reasonable attorneys' fees, and interest, as provided by 42 USC Sec. 1981 and by Sec. 8-502(f) of the NYCHRL;

    f.   Grant a monetary judgment, in an amount to be determined at trial, for unpaid wages and attorneys' fees all as provided for by Sec. 198(1-a) of the New York State Labor Law; and

    g.   Such other and further monetary relief as to the Court may seem just and proper in the circumstances.

Dated: New York, New York  
        November 10, 2006

Respectfully Submitted,

**THE LAW OFFICES OF  
LEONARD N. FLAMM**  
Attorneys for Plaintiff  
880 Third Avenue, Suite 1300  
New York, New York 10022  
(212) 752-3380

By:_____  
    Leonard N. Flamm (LF-9523)

## **JURY DEMAND**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands trial by jury as to all issues so triable in this action.

By:_____  
    Leonard N. Flamm (LF-9523)